IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL T. WEBSTER, *individually and as representative of the class*, | ) ) ) |
| Plaintiff, | ) 2:20-cv-145 ) ) Judge Marilyn J. Horan |
| vs. | ) ) |
| JODI KLABON-ESOLDO, *in her official capacity as Prothonotary of Lawrence County, Pennsylvania*, | ) ) ) |
| Defendant. | ) ) |

OPINION

Plaintiff, Samuel T. Webster, brings a purported class action against Defendant, Jodi Klabon-Esoldo, in her official capacity as Prothonotary of Lawrence County, Pennsylvania[1] claiming an unconstitutional deprivation of procedural due process under 42 U.S.C. § 1983.[2] The Prothonotary now moves for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF Nos. 42-43). The matter is now ripe for consideration.

Upon consideration of Mr. Webster's Complaint (ECF No. 1), the Prothonotary's Answer (ECF No. 11), the Prothonotary's Motion for Judgment on the Pleadings (ECF No. 42), the respective briefs (ECF Nos. 43 and 45), and for the following reasons, the Prothonotary's Motion for Judgment on the Pleadings will be granted.

---

[1] Defendant, Housing Authority for the County of Lawrence, was dismissed with prejudice following a Joint Motion to Enter Consent Order. (ECF Nos. 22 and 23).
[2] Mr. Webster provided a Notice of Constitutional Question to the Attorney General of Pennsylvania. (ECF No. 17). However, Mr. Webster did not provide notice to the Court of Administrator of Pennsylvania of challenge to the constitutionality of general rules. *See* Pa.R.A.P. 522.

I.  Background

    a.  Factual Background

Mr. Webster resides in an apartment owned and operated by the Housing Authority of Lawrence County. (ECF No. 1 at ¶ 38). On November 26, 2019, the Housing Authority filed a Landlord/Tenant Complaint before a Magisterial District Judge seeking unpaid rent and possession of the apartment. *Id*. at ¶ 42.[3] At a December 9, 2019 hearing, the Magisterial District Judge entered judgment against Mr. Webster for unpaid rent, other costs, and for possession of the apartment. *Id*. at ¶ 46.

On December 19, 2019, Mr. Webster appealed to the Lawrence County Court of Common Pleas. *Id*. at ¶ 47. Upon the filing of his appeal, Prothonotary entered a supersedeas of the Magisterial District Judge's eviction judgment. *Id*. at ¶ 49. Mr. Webster alleges that the supersedeas required him to make an escrow payment by January 18, 2020. *Id*. at ¶ 50. However, on January 8, 2020, the Housing Authority filed with the Prothonotary a praecipe to terminate Mr. Webster's supersedeas, alleging that Mr. Webster had not paid the necessary sums to maintain the supersedeas. *Id*. at ¶ 51. On that same date, the Prothonotary accepted the praecipe and terminated the supersedeas. *Id*. at ¶ 52. Mr. Webster alleges that he received no prior notice of the Housing Authority's filing of the praecipe or that the Prothonotary would terminate the supersedeas. *Id*. at ¶¶ 51-52. On or about January 8, 2020, the same date that the praecipe was filed and after the supersedeas had been terminated, the docketed praecipe was

---

[3] A motion for judgment on the pleadings permits a court to consider matters of public record. *See Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187, 195 (3d Cir. 2019). This Court has reviewed the underlying Magisterial District Judge docket at https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-53302-LT-0000083-2019&dnh=NrDqykqkqWZsGJKFcOVxJA%3D%3D. The docket indicates that the Housing Authority was seeking possession only if a money judgment was not satisfied at the time of eviction.

served upon Mr. Webster's legal counsel.[4] *Id.* at ¶ 53. Fourteen days later, on January 22, 2020, the Housing Authority presented the docketed termination of supersedeas to the Magisterial District Judge, who immediately issued an Order for Possession to evict Mr. Webster. *Id*. at ¶ 55. On January 25, 2020, the Order for Possession and notice were posted on Mr. Webster's apartment door, giving him ten (10) additional days to vacate. *Id*. at ¶ 56. The Lawrence County Court of Common Pleas Docket Report reflects that, on January 24, 2020, Mr. Webster filed Preliminary Objections to the Housing Authority's common pleas complaint, which was filed upon Mr. Webster's appeal from the magisterial district court judgment.

Based upon these events, Mr. Webster brings two claims. First, under 42 U.S.C. § 1983, he alleges an unconstitutional deprivation of procedural due process by the Prothonotary for terminating the supersedeas under Pa. R. C. P. M. D. J. 1008 without giving Mr. Webster prior notice and opportunity to object to the termination. *Id.* at ¶ 69. Second, under 42 U.S.C. § 1983, he alleges an unconstitutional deprivation of procedural due process by the Prothonotary's policy, practice or custom of implementing Pa. R. C. P. M. D. J. 1008 to terminate Mr. Webster's supersedeas without prior notice and without an opportunity to object.

   b.  State Procedural Rules

Following the entry of a judgment in a landlord/tenant action by the magisterial district court, a written notice of judgment is mailed to the parties. Pa.R.C.P. M.D.J. 514(C). Such written notice contains instructions about the time and manner by which an appeal of the judgment may be taken to the court of common pleas. Pa.R.C.P. M.D.J. No. 514(D). When

---

[4] A review of the Lawrence County Docket Report indicates that a copy of the praecipe to terminate supersedeas was copied to Mr. Webster's counsel. It is unclear whether it was served by the Prothonotary, counsel for the Housing Authority, or both. In either case, Mr. Webster received notice of the praecipe to terminate supersedeas.

filing a notice of appeal from judgment, the magisterial district judges' receipt of a copy of the notice of appeal operates as a supersedeas.  Pa.R.C.P. M.D.J.  No. 1008(A).  An indigent tenant may maintain the supersedeas provided that he or she makes certain minimum monthly payments to the prothonotary.  Pa.R.C.P. M.D.J.  1008(C)(3).  In the event the tenant fails to make monthly payments,

> the supersedeas may be terminated by the prothonotary upon praecipe by the landlord or other party to the action. Notice of the termination of the supersedeas shall be forwarded by first class mail to the attorneys of record, or, if a party is unrepresented, to the party's last known address of record.

Pa.R.C.P. M.D.J. 1008(C)(7).  If a supersedeas is terminated, the landlord may request an order for possession.  Pa.R.C.P. M.D.J. No. 515(B)(2).   After the landlord files the request,

> the magisterial district judge shall issue the order for possession and shall deliver it for service and execution to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The order shall direct the officer executing it to deliver actual possession of the real property to the landlord. The magisterial district judge shall attach a copy of the request form to the order for possession.

Pa.R.C.P. M.D.J. No. 516(A).   After the magisterial district judge issues the order for possession,

> The magisterial district judge shall mail a copy of the order for possession to the tenant by first class mail and shall deliver a copy of it for service to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated.[…] The officer receiving the order for possession shall note upon the form the time and date that it was received, and shall serve the order within 48 hours by handing a copy of it to the tenant or to an adult person in charge for the time being of the premises possession of which is to be delivered or, if none of the above is found, by posting it conspicuously on those premises. The service copy of the order shall contain the following notice:
>
> \*\*\*
>
> (2) For Residential Leases:

> If you, and all occupants of this property not authorized by the owner to be present thereon, do not vacate this property within 10 days after the date of this notice, the law authorizes me to use such force as may be necessary to enter upon the property by the breaking in of any door or otherwise, and to eject you and all unauthorized occupants.
> The date of the notice shall be the same as the date of the service.

Pa.R.C.P. M.D.J. No. 517.  Following this notice, the Rules provide:

> At any time before actual delivery of the real property is made in execution of the order for possession, the tenant may, in a case for the recovery of possession solely because of failure to pay rent, satisfy the order for possession by paying to the executing officer the rent actually in arrears and the costs of the proceedings. The executing officer shall give the tenant a signed receipt for any such payment.

Pa.R.C.P. M.D.J. No. 518.

For matters pending in the Court of Common Pleas, such as a landlord/tenant appeal, the Pennsylvania Rules of Civil Procedure provide as follows:

> A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a).  Further, the Local Rules for the Lawrence County Court of Common Pleas provides for ex parte and emergency motions as follows:

> Ex parte and emergency motions shall not be considered unless the court is satisfied that immediate and substantial injury will be sustained by the moving party before notice can be effectuated. In such a case, the nature of the matter and a description of the immediate and substantial injury, which will be sustained if the notice required under these Rules would be provided, shall be set forth in the motion.

Rule L211(5).

    C.    Motion for Judgment on the Pleadings

The Prothonotary moves for judgment on the pleadings on the basis that 1) Mr. Webster has failed to allege any violation of procedural due process pursuant to 42 U.S.C. § 1983; 2) quasi-judicial immunity bars Mr. Webster's Section 1983 claims; 3) judicial immunity under the Eleventh Amendment bars Mr. Webster's Section 1983 claims; and 4) Mr. Webster no longer has standing to maintain the case.

II.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party." *Selective Way Ins. Co. v. Gingrich*, No. 1:10-CV-405, 2010 WL 4362450, at *2 (M.D. Pa. Oct. 27, 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings." *Anthony v. Torrance State Hosp.*, No. CV 3:16-29, 2016 WL 4581350, at *1 (W.D. Pa. 2016) (citing *Perelman v. Perelman*, 919 F.Supp.2d 512, 521 (E.D. Pa. 2013)). A motion for judgment on the pleadings may be granted where " 'the movant clearly establishes that no material issue of fact remains to be resolved' and that it is 'entitled to judgment as a matter of law.' " *Wiseman Oil Co. v. TIG Ins. Co.*, 878 F. Supp. 2d 597, 600 (W.D. Pa. 2012) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

III.     Discussion

    A.  Procedural Due Process Claims (Counts I and II)

To state a claim for deprivation of procedural due process, rights, Mr. Webster must allege that (1) he was deprived of an individual interest that is encompassed within the Constitution's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).

    1.  Deprivation of Property Interest

The Prothonotary contends that Mr. Webster has no constitutionally protected interest in the continuation of a supersedeas. Therefore, the Prothonotary maintains that termination of a supersedeas under Pa.R.C.P. M.D.J. 1008 does not violate procedural due process because, regardless of the continuation of the supersedeas, Mr. Webster could still maintain his appeal. Mr. Webster contends that, upon filing an appeal and paying the required rent, the tenant secures the right afforded to him or her under Pennsylvania law to stay in his or her home pending resolution of the de novo appeal. Therefore, he argues that the right to possession pending appeal is a property interest that implicates due process.

Generally, an eviction constitutes a deprivation of an interest in real property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 49 (1993). The parties have provided no authority that the termination of a supersedeas under Pa.R.C.P. M.D.J. 1008 is, in and of itself, the deprivation of a property interest. Likewise, the Court has not located any authority that would support a clear conclusion to that inquiry. Absent any precedent on said issue, it is not clear whether the termination of supersedeas during the pendency of his appeal and before any issuance of an order of possession, implicates a deprivation of any constitutional property

7

interest.  However, because the deprivation question is not dispositive of this Court's procedural due process analysis, the Court will not comment or opine on whether the termination of a supersedeas under Pa.R.C.P. M.D.J. 1008 is a deprivation of a property interest.

    2.  Due Process Availability

The Prothonotary argues that she complied with all state procedures and that Mr. Webster has received an adequate opportunity to be heard on the property interest question.  Mr. Webster contends that termination of a supersedeas under Pa.R.C.P. M.D.J. 1008, as applied by the Prothonotary and on its face, provides no prior notice or any opportunity to object to the termination.

The basic requirement for due process is that individuals had "notice and an opportunity to be heard" before the Government deprived them of their property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993).  "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). The Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for both negligent and intentional deprivations of property.  *See Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).  Appellate procedures from a magisterial district court's judgment provide a meaningful due process remedy. *See, e.g., Rogin v. Bensalem Twp.*, 616 F.2d 680, 695 (3d Cir. 1980) (holding that a Pennsylvania zoning procedure was constitutionally adequate in part because it allowed appeals to the Court of Common Pleas).  The Third Circuit recently held that, where a plaintiff has filed an appeal to an Order of Possession, the utilization

8

of his appeal rights in the court of common pleas was sufficient for due process. *Parr v. Colantonio*, 2021 WL 375029, --- Fed.Appx.---- (3d Cir. Feb. 3, 2021).

Here, Mr. Webster has alleged:

> Neither the Pennsylvania Rules of Civil Procedure, the Pennsylvania Rules of Civil Procedure for Magisterial District Judges, nor any other statutory or regulatory enactment affords a tenant any opportunity to challenge the legal validity of the peremptory termination of a supersedeas under Rule 1008, much less requires that the supersedeas termination notice inform tenants of any opportunity to object to the termination.

(ECF No. 1 at ¶ 35).  However, an examination of both the Pennsylvania Rules of Civil Procedure for Magisterial District Judges and the Pennsylvania Rules of Civil Procedure reveal that Mr. Webster had adequate post-supersedeas termination notice and relief available for him to challenge the termination and any eviction.  Following the termination of the supersedeas on January 8, 2020, at a minimum, the Housing Authority served Mr. Webster's attorney with notice of the supersedeas termination. *Id*. at ¶ 53.[5]  However, Mr. Webster alleges that Housing Authority erred because he had until January 18, 2020 to make an escrow payment to maintain the supersedeas.  At the time, Mr. Webster's appeal was pending in the court of common pleas; yet, he does not allege that either he or his counsel of record contacted the Prothonotary regarding any error or that he filed any motion to the court of common pleas to seek any relief from any alleged error.  Further, the Housing Authority did not seek an Order of Possession from the magisterial district judge until fourteen days after the Prothonotary terminated the supersedeas.  Mr. Webster has not alleged that either he or his counsel contacted the Prothonotary, moved the court of common pleas under Pa.R.C.P. 1531 or Lawrence County

---

[5] In additional to this allegation, the Lawrence County Court of Common Pleas Docket Report reflects Mr. Webster's counsel of record received notice of the praecipe to terminate supersedeas either through service by the Prothonotary or by counsel for the Housing Authority.

Local Rule 211 to object to the termination or to seek injunctive relief from any alleged error concerning the escrow payment.   On January 25, 2020, Mr. Webster received a notice to vacate his residence within ten (10) days.  The notice gave him ten additional days to take action to correct any error or prevent any eviction. He has not alleged that he moved for any relief from the court of common pleas or from the magisterial district judge under Pa.R.C.P. 1531, or that he attempted to demonstrate that his rent had been adequately paid under Pa.R.C.P.M.D.J. 518.  Rather than seek this relief, on January 24, 2020, Mr. Webster filed Preliminary Objections to the Housing Authority's Complaint for Possession that was pending in the court of common pleas.  Instead of following through with available state court remedies, on January 30, 2020, Mr. Webster sought relief in this Court by filing his present Complaint.  At the time he filed his Complaint, Mr. Webster had received multiple notices, and there were several available procedural avenues to obtain relief from the termination of the supersedeas.  Therefore, Mr. Webster was afforded due process, which he did not pursue, before he filed his claim in federal court.   Thus, Mr. Webster's Complaint does not support a procedural due process claim against the Prothonotary.

   B.  Remaining Arguments

 Because the Court finds Mr. Webster's Complaint does not present a procedural due process claim under 42 U.S.C. § 1983, the Court need not opine on the Prothonotary's immunity and standing arguments.

IV. Conclusion

 Accordingly, following the review of the foregoing, the Prothonotary's Motion for Judgment on the Pleadings will be granted.  Judgment will entered in favor of the Defendant.  A separate order shall follow.

BY THE COURT:

*[signature: Marilyn J. Horan]*
Marilyn J. Horan
United States District Judge

DATED: March 30, 2021